UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIRIA DEVELOPMENT COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| GRAND BELLFORT BUSINESS PARK, L.P., J-P DEVELOPMENT, LLC, AND PANKAJ H. PATEL | § § § § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Airia Development Company ("Airia") by and through the undersigned counsel, and files this Complaint against Defendants Grand Bellfort Business Park, L.P., J-P Development, LLC and Pankaj H. Patel ("Defendants") and alleges the following:

## I.   THE PARTIES

1. Plaintiff Airia Development Company ("Airia" or "Plaintiff") is a corporation organized and existing pursuant to the laws of the state of Texas and having a principal place of business at 20333 State Highway 249, Suite 600, Houston, Texas 77070.

2. On information and belief, Defendant Grand Bellfort Business Park, L.P. ("GBBP") is a Texas limited partnership with its principal place of business at 27311 Horizon Bay Ln, Katy, Texas 77494.

3. On information and belief, Defendant J-P Development, LLC ("JPD") is a Texas limited liability company with its principal place of business at 27311 Horizon Bay Ln, Katy, Texas 77494.

Page 1

4. On information and belief, Defendant Pankaj H. Patel ("Patel") is a resident of Texas residing at 27311 Horizon Bay Ln, Katy, Texas 77494.

## II. FACTUAL BACKGROUND

*Airia Development Company*

5. Plaintiff owns the following incontestable federal trademark registrations: ALIANA (Reg. No. 3,548,436) for real estate development; ALIANA (Reg. No. 4,218,236) for management of residential real estate property; development of residential real estate projects, namely, planning, laying out and custom construction of residential communities; building construction; and ALIANA (Reg. No. 4,214,369) for health club services, namely, providing instruction and equipment in the field of physical exercise.

6. Aliana Development Company is an affiliate of Plaintiff and developed a 2,000-acre community west of Houston, Texas in Fort Bend County, Texas called Aliana. The Aliana community is recognized as one of the top master-planned communities in the nation.

7. Plaintiff licensed the right to use the ALIANA trademarks exclusively to Aliana Development Company. Plaintiff and its predecessor have used the ALIANA name in connection with real estate development and management of residential properties for over 12 years.

8. As a result of its extensive advertising and promotion of its services, exclusive and continuous use of ALIANA and longstanding rights in ALIANA, the ALIANA mark has become well-known and synonymous with Plaintiff. Accordingly, Plaintiff has developed substantial goodwill and a reputation for integrity in its market, both of which are inextricably intertwined with Plaintiff's intellectual property.

9. Plaintiff's ALIANA mark is inherently distinctive and well known in connection with real estate development services. Consumers recognize that real estate development services

offered under the mark emanate from a single source—Plaintiff. As a result of Plaintiff's efforts, the consuming public, particularly in Texas, widely recognizes and associates ALIANA mark with Plaintiff.

10. There is high likelihood that Plaintiff's existing and potential customers will therefore be confused unless Defendants are enjoined.

11. As a result of Plaintiff's continuous use and promotion of ALIANA mark Plaintiff has also acquired valuable common law rights in the mark.

12. Plaintiff has continuously used the ALIANA mark in interstate commerce since at least as early as March 2008 in interstate commerce connection with real estate development services.

13. The goodwill embodied in Plaintiff's ALIANA mark and consequently Plaintiff's valuable reputation and credibility in the industry, depends on the integrity of the goods and services as being identified exclusively with Plaintiff – and not any other source.

14. Further, the goodwill embodied in ALIANA depends on truthful and accurate information being associated with the services, and not false and confusing information.

*Defendants' Use*

15. On or about October 4, 2018 Defendant GBBP was formed under the name Grand Aliana Business Park, L.P. and operated under that name until about February 3, 2021, at which time a name change was filed with the Texas Secretary of State to the name Grand Bellfort Business Park, L.P.

16. Defendant JPD is the general partner in GBBP and Defendant Patel is the Manager of JPD and the registered agent of GBBP.

17. Upon information and belief, Patel operates GBBP and has directed all the activities of GBBP referenced in this Complaint.

18. Defendants advertise their services on site, as shown below, and through development plans available online. *See* https://images1.loopnet.com/d2/fspbj_zc0Z_aWNnty41_0UpeWZNi2b2lDlmdL-N0-tY/document.pdf, Exhibit A hereto.



19. Defendants intentionally placed the above shown signage *next door* to one of Plaintiff's ALIANA properties, located at 18120 W. Bellfort Blvd, in order to advertise its commercial park.

*The Dispute*

20. The dispute in this case involves Defendants' refusal, despite repeated requests, to remove the infringing marketing materials that are causing confusion in the marketplace and unfair competitive harm damaging to Plaintiff's business and business reputation.

21. Sometime in mid-October 2020, Plaintiff discovered that Defendants were marketing and selling buildings in their business park under the ALIANA name. Plaintiff then retained counsel to investigate Defendants' infringing use and search for contact information for Defendants.

22. Plaintiff, through its attorney, sent a cease and desist letter ("Demand Letter") to GBBP on December 4, 2020, requesting that GBBP immediately cease all use of the ALIANA name, remove all references to ALIANA from publicly available materials, and refrain from future use or attempt to register the ALIANA mark. *See* Exhibit B. Plaintiff was amenable to providing a reasonable amount of time to GBBP to change the name and requested a response within ten (10) business days.  GBBP never responded.

23. On January 19, 2021, Plaintiff received an email from the title company Old Republic Title because the property listed as "0151 A M CLOPPER, BLOCK 1, ACRES 10.0001, GRAND ALIANA BUSINESS PARK, Restricted Reserve 'A' (Commercial)" was being sold and the title company requested confirmation of whether the property would be subject to commercial restrictions and would be a member of the Aliana commercial association.

24. After attempts on December 4, 2021, December 15, 2021, January 21, 2021, January 25, 2021 and February 3, 2021 and February 5, 2021 to contact and resolve the matter with Patel, as the registered agent for GBBP, via certified mail, phone and/or through multiple email exchanges, GBBP has now responded and GBBP finally filed the requested name change with the Texas Secretary of State on February 3, 2021. However, Defendants have yet to comply with Airia's remaining requests to cease infringing activities.   On a phone call on January 21, 2021, Patel stated that he had in fact received Plaintiff's December 4, 2021 letter and did not respond despite Plaintiff's request for a response within ten (10) business days.

*Nature of the Allegations*

25. Defendants are directly and willfully infringing Plaintiff's registered and common law rights in the ALIANA mark and are unlawfully trading upon Plaintiff's goodwill in its ALIANA mark, which has created actual confusion in the marketplace.

26. Defendants' blatant infringement in an area that Plaintiff is well known for the ALIANA mark and has had longstanding rights is damaging Plaintiff's business reputation and is irreparably harming the goodwill of Plaintiff's business, as well as enabling Defendants to improperly profit from this false association by gaining business and buyers as a result.

27. Defendants' actions in refusing to remove the infringing mark are intentionally injuring Plaintiff's business reputation.

28. Plaintiff respectfully seeks intervention of this Court to stop Defendants from intentionally and willfully continuing its present activities, for injunctive relief and for monetary damages.

## II.  JURISDICTION AND VENUE

29. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

30. The Court has subject matter jurisdiction over this case under 15 U.S.C. §§ 1121, 1125, 28 U.S.C. §§ 1331, 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

31. On information and belief, this Court has personal jurisdiction over each Defendant because they are residents of the State of Texas and reside in this judicial district.

32. On information and belief, this Court has personal jurisdiction over each Defendant under the Texas long arm statute because each Defendant has established minimum

contacts with Texas such that the exercise of personal jurisdiction over Defendants is proper under the due process clause of the United States Constitution. Defendants advertise their business and services to buyers in Fort Bend County, Texas.

33. On information and belief, Defendants have established minimum contacts with Texas such that the exercise of personal jurisdiction over Defendants is proper under the due process clause of the United States Constitution because Defendants' property is located at 18120 W Bellfort Blvd, Richmond, Texas 77407 in Fort Bend County, Texas.

34. Exercise of personal jurisdiction over Defendants is also proper under the due process clause of the United States Constitution because Defendants are committing the intentional tort of willful trademark infringement in Texas by providing services that infringe Plaintiff's ALIANA mark in Texas and by creating a false affiliation or sponsorship with Plaintiff that is intentionally directed at Texas and its residents.

35. On information and belief, Defendants have willfully and voluntarily committed the acts complained of herein in at least this State.

36. On information and belief, venue is proper under 28 U.S.C. § 1391.

### III.    COUNTS

#### Count I: Federal False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)

37. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

38. The acts complained of herein constitute false advertising and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

39. Defendants' use of ALIANA mark without Plaintiff's consent is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants

with Plaintiff, in violation of 15 U.S.C. § 1125(a) and constitutes false advertising, false designation of origin and unfair competition with Plaintiff.

40. Defendants' actions have been undertaken willfully and intentionally, with the full knowledge that the statements are false, and with full knowledge of the likely confusion or mistake with respect to the source of the real estate development services.

41. Plaintiff believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' infringement in an amount not presently known to Plaintiff. By reason of Defendants' actions, constituting unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

### Count II:  Texas Trademark Law

42. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

43. The acts of Defendants complained of herein are in violation of Texas Business and Commerce Code § 16.102.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to its valuable trademarks, and other damages permitted by Texas Business and Commerce Code § 16.104, in an amount to be proved at trial.

### Count III: Common Law Unfair Competition

45. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

46. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## IV. DEMAND FOR A JURY TRIAL

47. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

## V. PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants including the following:

   a. A judgment declaring that Defendants are liable for trademark infringement under 15 U.S.C. § 1125(a), Texas Business and Commerce Code § 16.102, and constitutes unfair competition under state law, and also that Defendants' acts constitute willful infringement under 15 U.S.C. § 1117;

   b. A judgment ordering that Defendants be ordered to pay any and all damages available under 15 U.S.C. § 1117 and Texas Business and Commerce Code § 16.104, including court costs, expenses, enhanced damages, statutory damages to the extent permissible, and attorney's fees;

   c. A grant of a permanent injunction enjoining the Defendants from further acts of infringement and unfair competition;

   d. A judgement for Plaintiff on all other counts asserted herein;

   e. Any other accounting for damages;

   f. Any other appropriate interest and costs; and

   g. For such other and further relief as the Court deems just and proper.

DATED this 12th day of February, 2021.    Respectfully submitted,

/s/ Darlene F. Ghavimi
Darlene F. Ghavimi, Attorney-in-Charge
TX Bar No. 24072114
SDTex. No. 1268315
K&L GATES LLP
2801 Via Fortuna, Suite #350
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

*Attorney For Airia Development Company*